DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CASE NO.  5:06 CR 146 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | ANALYZING THE SENTENCING |
| | ) | FACTORS SET FORTH IN 18: U.S.C. |
| Michael E. Arnold | ) | §3553(a) |
| | ) | |
| Defendant. | ) | |

## I.  Introduction

The Court conducted the sentencing hearing of the defendant September 13, 2006.  The Court determined that the defendant's total offense level was 12 with a criminal history category of VI calling for a sentencing range under the advisory sentencing guidelines of 30 to 37 months. At the conclusion of the sentencing hearing, the Court sentenced the defendant to confinement for a period of 27 months with supervised release for a period of three years and ordered restitution in the sum of $117,838.74 payable to the Social Security Administration.  The Court's opinion in support of the sentence follows.

## II.  The Analysis Required by 18 U.S.C. §3553(a)

The Court sets forth its analysis of the sentencing factors required by *Booker* and the statutory guidance provided by 18 U.S.C. §3553(a) as follows:

**(a)  Factors to be considered in imposing a sentence.**

(5:06 CR 146)

The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection.  The court, in determining the particular sentence to be imposed, shall consider -

**(1)  The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant**

The offense conduct is adequately described in paragraph 5 of the presentence report which states:

> On May 20, 1983, the defendant applied for Title XVI disability benefits.  He was awarded the disability and began collecting Supplemental Security Income (SSI) From April of 1984, to January of 2006, using his birth-given Social Security Number ███████████  In 1974, the defendant applied for and received a second ███████████ which he used to perform substantial gainful work that he failed to report to the Social Security Administration (SSA).  Also, during the time period of the instant offense, the defendant committed eleven double check negotiations, in which he falsely reported to the SSA he never received his original SSI check, when he actually did, and cashed the original checks and their replacements.  The SSA has determined there was a loss of $122,776.50.

The defendant was born in 1954.  He has a history of using many aliases and he has a lengthy criminal history involving primarily theft and drug abuse crimes.  There is no indication that the defendant has engaged in violence.

The defendant's parents are deceased.  He has three brothers and two sisters.  His parents separated when he was a child and he was raised by his mother and stepfather until his mother died when the defendant was ten years old at which point he was raised by his older sister.  The defendant married in 1988 and separated from his wife in November of 2005.  The defendant has

2

(5:06 CR 146)

no children.  The defendant is under the care of a doctor in Columbus, Ohio and is taking

medication for high blood pressure.

The defendant has had a drug problem for years using marijuana, cocaine and crack

cocaine.  The defendant has been employed as a cook.  The defendant has made all his

appearances in court in a timely fashion.  The defendant appeared for sentencing, having traveled

from Columbus to Akron, Ohio and after vacating his apartment under the assumption that he

would be remanded to the custody of the Marshal following sentencing.

**(2)  The Need for the Sentence Imposed**

(A) to reflect the seriousness of the offense, to promote respect for
the law, and to provide just punishment for the offense;

The defendant is a recidivist. He understands the system and used his understanding of

the system to obtain Social Security payments to the extent of $122,776.50.  The Social Security

Administration has recovered $4,937.76 so that the current loss is $117,838.74 for which

restitution will be ordered.  The crime is serious and the sentence should promote respect for the

law and provide just punishment.

**(B)  to afford adequate deterrence to criminal conduct;**

An adequate sentence coupled with restitution is required to provide adequate deterrence.

**(C)  to protect the public from further crimes of the defendant;**

The defendant's admission of his criminal conduct, coupled with his appearance at all

judicial proceedings in this case, coupled with his admission of responsibility, bears some hope

for the future that the sentence of 27 months will provide the public from further crimes of the

defendant.

3

(5:06 CR 146)

> **(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;**

The primary advantage to the defendant of a 27 month sentence is the opportunity to correct his dependence on drugs which may result in the defendant, at his advanced age, in adjusting his life to avoid further criminal conduct.

### III.  CONCLUSION

The Court engaged in a variation of three months downward in the view that a sentence of 27 months, coupled with an order of restitution in the sum of $117,838.74 along with a period of three years supervised release.  The Court states that the foregoing sentence is sufficient, but not greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a)(2).

IT IS SO ORDERED.

 September 18, 2006                          /s/ David D. Dowd, Jr.
Date                                        David D. Dowd, Jr.
                                            U.S. District Judge

4